UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL MATTHEWS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1973 (VLB) |
| CITIGROUP, INC., | : | |
| CITIGROUP PENSION PLAN, | : | |
|     Defendants. | : | March 17, 2008 |

### MEMORANDUM OF DECISION AND ORDER GRANTING THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. #17]

Presently before the court is the defendants' motion for judgment on the pleadings, raising a case of first impression. The plaintiff, Paul Matthews, brought this action claiming the defendants, Citigroup, Inc. and Citigroup Pension Plan (collectively "Citigroup"), wrongfully denied him pension benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. For the reasons hereinafter set forth, the motion is GRANTED.

### I. Standard

Rule 12(c) provides that: "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004)

1

(quoting Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999)). Generally, the court may not consider matters outside the pleadings unless the motion is converted to one for summary judgment under Rule 56. See Tardd v. Brookhaven Nat'l Lab., 407 F. Supp. 2d 404, 411 (E.D.N.Y. 2006); Gagliardi v. Village of Pawling, 18 F.3d 188, 191 (2d Cir. 1994).

"Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotations and citations omitted). The parties agree that this motion is properly considered under Rule 12(c). Attached as exhibits to the memoranda of law regarding this motion are copies of the defendants' pension plan policies and notices of Matthew's administrative appeals. These documents are referenced and relied upon in the complaint, and will be considered without converting this motion to one for summary judgment.

## II. Facts

The facts of this case are not in dispute. Matthews worked for Travelers Insurance Company ("Travelers") from July 1, 1968, through August 24, 1973. At the time he left Travelers, Matthews was subject to the Retirement Plan for Salaried Employees of the Travelers Corporation ("Travelers plan"). The

2

Travelers Plan provided that retirement benefits vested and became nonforfeitable after at least ten years of continuous service. As Matthews had not been employed by Travelers for ten years, his retirement benefits had not vested on the date of his separation.

Matthews was re-employed by Travelers on April 2, 1996, and became subject to the Travelers Inc. Pension Plan. The Travelers plan merged into the Travelers Inc. Pension Plan effective January 1, 1996. He was laid off on July 28, 1996. The Travelers Inc. Pension Plan was merged into Citigroup effective December 31, 1998. Both the Travelers Inc. Pension Plan, to which Matthews became subject upon his re-employment, and Citigroup included a break in service rule that provided that a participant re-employed after five consecutive years of non-service forfeits the right to use his years of employment prior to the break in service for pension benefit vesting purposes.

On September 28, 2005, Matthews claimed pension benefits from Citigroup. His claim was denied on December 21, 2005, because his benefits had not vested, specifically because his 1968 through 1973 service was forfeited under the plan's break in service rule. Matthews appealed the decision on January 12, 2006. That appeal was denied on May 15, 2006. Matthews initiated this action on December 12, 2006.

### III. Discussion

The parties agree that if Matthews had vested, nonforfeitable benefits at the

time of his re-employment with Travelers he is entitled to the benefits sought in this case. Alternatively, if he had no vested benefits at the time of re-employment then Citigroup properly denied his claim pursuant to the break in service rules in ERISA §§ 503(b)(1)(D), (b)(1)(F), and (b)(3)(D), and the Citigroup plan.[1] Because Matthews's argument turns on a question of law, the court reviews Citigroup's denial of benefits de novo. See Weil v. Retirement Plan Admin. Comm. of the Terson Co., 913 F.2d 1045, 1049 (2d Cir. 1990).

It is undisputed that Matthews did not have vested benefits at the time he left Travelers in 1973 under the Travelers plan. That plan required a minimum ten years of service for vesting purposes, and Matthews had only worked five years. It is also not in dispute that when ERISA was enacted, the minimum vesting requirement in section 503(a) was ten years and therefore did not effect Matthews's vesting rights. See 29 U.S.C. § 1053(a)(2)(A) (1976). Finally, the parties agree that if Matthews had not returned to work at Travelers his benefits could not be considered vested.

Matthews, however, constructs an argument around a 1986 amendment to

---

[1]Section 503(b)(1)(D) excepts from the vesting period service not taken into account under section 503(b)(3)(D). That section provides: "in the case of a nonvested participant, years of service with the employer or employers maintaining the plan before any period of consecutive 1-year breaks in service shall not be required to be taken into account if the number of consecutive 1-year breaks in service within such period equals or exceeds . . . (I) 5.
Section 503(b)(1)(F) excepts: "years of service before [ERISA] first applies to the plan if such service would have been disregarded under the rules of the plan with regard to breaks in service, as in effect on the applicable date." As stated above, Citigroup's break in service rule mirrors that of section 503(b)(3)(D).

4

ERISA that reduced the minimum vesting requirement from ten years to its current level of five years.  See 29 U.S.C. § 1053(a)(2)(A) (2008).  The regulations and advisory notes accompanying the 1986 amendment state that the amendment applies to employees with at least one hour of service in any plan year beginning after December 31, 1988.  See Tax Reform Act of 1986, P.L. 99-514, Title XI, Subtitle A, Part II, Subpart A, § 1113(f), 100 Stat. 2448; see also 26 C.F.R. § 1.411(a)-3T.  Matthews opines that his employment in 1996 satisfies the 1986 amendment's one hour of service rule and as a result the five year minimum vesting period should apply retroactively to his employment from 1968 through 1973, irrespective of any break in service rules included in ERISA or any applicable plans.  Matthews cites to no legal authority endorsing, authorizing or even positing such an expansive reading of the statute.

The natural consequence of Matthews's reading of the statute is that the statutory and plan break in service rules are circumvented allowing otherwise excepted periods of time to vest.  As a result of considering the prior service vested, the break in service rules again cannot apply because they only exclude nonvested service prior to the break in service.  See 29 U.S.C. § 1053(b)(3)(D)(iii).

Matthews's reading abrogates, at least in part, the statutory exceptions to the vesting periods in section 503(b)(1)(D), (b)(1)(F), and (b)(3)(D).  By extension, it would require plan administrators, and eventually the courts, to revisit every instance where an employee worked for five years with one employer prior to the 1986 amendment, was re-employed by the same employer in 1989 or later, and

5

otherwise did not have vested benefits. This would be true regardless of how long their break in service was. It is a hugely expansive reading of ERISA, especially where there is no legal authority to support such a proposition.

"The Supreme Court has found ERISA to be 'an intricate, comprehensive statute.' Boggs v. Boggs, 520 U.S. 833, 841 (1997). ERISA is a complicated enough statute without the courts soldering new sections onto it." McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 320 F.3d 151, 159 (2d Cir. 2003). Matthews essentially asks the court to create a cause of action where one otherwise did not exist, based on an unsupported statutory theory that would in part obviate the longstanding break in service exceptions to the vesting period included in section 503(b). The court declines to do so.

The court finds a more reasonable interpretation that adds credence to every part of section 503. The break in service rules should be applied at the time an employee is re-employed, and the determination of whether the employee's prior service constitutes vested service under section 503 should be made at that time. If the employees past service is vested regardless of his re-employment, then the break in service rules do not apply as provided for in the statute, and sections 503(a) and (b) are satisfied. However, should the employee's prior service not constitute vested service, the break in service rules will apply and his re-employment will not be used to vest his otherwise forfeitable past employment. All of section 503(b) would retain its force. If congress had intended to alter the applicability of section 503(b)'s break in service rules it

6

could have done so in the statute or otherwise noted that intention. Congress chose not to, and the court will not ignore that choice.

## IV. Conclusion

Based on the above reasoning, Citigroup's motion for judgment on the pleadings is GRANTED. Matthews's statutory interpretation asks the court to create a new cause of action and abrogate certain statutory sections, while offering no legal authorities in support. The court considers that an inappropriate course of action and declines to do so.

Judgment shall enter for the defendants. The clerk shall terminate this action.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: March 17, 2008.